IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 16-cr-03030-01-MDH |
| JOHN MORRIS, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Part A (the "status-point" provision) of Amendment 821 to the Sentencing Guidelines. (Doc. 45). The government has filed a response stating application of Amendment 821 does not reduce Defendant's criminal history category or his guidelines range and that he is ineligible for a reduction. (Doc. 52).

Following a guilty plea, Defendant was convicted of conspiracy to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The Court calculated a total offense level 31, a criminal history score 12, a criminal history category V, and an advisory guidelines range of 168 to 210 months' imprisonment. The total criminal history score included two criminal history points because Defendant committed the instant offense while under a criminal justice sentence. The Court imposed a sentence of 200 months' imprisonment.

In general, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Section 3582(c)(2) provides an exception: a court may modify an otherwise final term of

imprisonment when a defendant was originally sentenced under a guidelines range that the Sentencing Commission has subsequently lowered and the reduction is consistent with the applicable policy statement, U.S.S.G. § 1B1.10. *Dillon*, 560 U.S. at 819-22. The court must recalculate the guidelines range as if the amended guideline had been in effect at the initial sentencing, leaving all other guidelines calculations unchanged. U.S.S.G. § 1B1.10(b)(1). If the amendment does not apply to the defendant or his guidelines range does not change, the court may not reduce his sentence. See id. § 1B1.10(a)(2). Even if an amendment applies and reduces a defendant's guidelines range, this Court lacks authority to reduce a sentence below the amended guidelines range. See id. § 1B1.10(b)(2)(A). Notwithstanding *United States v. Booker*, 543 U.S. 220 (2005), these guidelines provisions remain mandatory. See *Dillon*, 560 U.S. at 829-30.

Defendant is not eligible for relief under Amendment 821 because application of Amendment 821 would not change his guidelines range. Under the then-existing guidelines, Defendant's total criminal history score was 12 and his criminal history category was V. Applying Amendment 821's change to § 4A1.1 to Defendant's guidelines calculation would reduce his total criminal history score to 11 but would not change his criminal history category or his Guidelines range. See U.S.S.G. ch. 5.

Wherefore, after careful consideration of the record before the Court, including the arguments contained in the Government's opposition, the Court hereby **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

DATED: August 13, 2024  /s/ *Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**